# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW NELSON SHEPARD, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:19-cv-00122 LPR-JJV |
| | * | |
| ANDREW SAUL, | * | |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Matthew Shepard, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is young. He was thirty-five at the time of the administrative hearing. (Tr. 254.) He is a high school graduate, (*Id*.), and has past relevant work as a hand packager. (Tr. 56.)

The Administrative Law Judge[2] (ALJ) found Mr. Shepard has "severe" impairments in the form of human immunodeficiency virus (HIV), gastroesophageal reflux disease (GERD), migraine headaches, anxiety, and depression, (Tr. 49), but did not have an impairment or combination of

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 50-52.)

The ALJ determined Mr. Shepard had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 52.) Given this RFC, the ALJ determined Mr. Shepard is no longer able to perform his past relevant work. (Tr. 56.) Therefore, the ALJ employed the services of a vocational expert to determine whether jobs existed that Mr. Shepard could perform despite his impairments. (Tr. 265-268.) Based in part on the vocational expert testimony, the ALJ determined that Plaintiff was capable of performing the jobs of document preparer and addressor. (Tr. 57.) Accordingly, the ALJ determined Mr. Shepard was not disabled. (*Id.*)

The Appeals Council received additional evidence but denied Mr. Shepard's request for a review of the ALJ's decision. (Tr. 1-4.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this review. (Doc. No. 2.)

In support of his Complaint, Mr. Shepard argues that the ALJ erred by not finding his irritable bowel syndrome, throat problems, and bipolar disorder are "severe" impairments. (Doc. No. 11 at 5-7.) Plaintiff also says that the ALJ erred at step 5 of his analysis but fails to develop any argument supporting this claim. (*Id.*)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

3

(a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The ALJ found Plaintiff's HIV, GERD, migraine headaches, anxiety, and depression were all "severe" impairments. (Tr. 49-50.) The ALJ explained that Mr. Shepard, ". . . complained of back pain and reaching difficulties; however, the record fails to support diagnoses related to these complaints. As such, they are found to be non-medically determinable impairments." The ALJ did not explain why he did not find Plaintiff's irritable bowel syndrome, throat problems, and bi-polar disorder to be non-medically determinable impairments. However, I do not find reversible error here.

When looking at Plaintiff's application for benefits, Mr. Shepard identified HIV, depression, migraines, digestive problems, neck and back problems, cyst on left anterior cruciate ligament, human papillomavirus, and post-traumatic stress disorder. (Tr. 397.) Plaintiff identified depression and post-traumatic stress disorder, but not bipolar disorder. The ALJ found "severe" anxiety and depression, and this finding is supported by the evidence of record. (Tr. 953, 957-959, 968, 970, 973, 978, 981.) I recognize some of the recent medical records identify, "Depressed bipolar I disorder," (Tr. 989, 992, 995, 999, 1010, 1016, 1026, 1033, 1037), but the

4

ALJ's finding of "severe" anxiety and depression fairly addresses Plaintiff's mental impairments. More importantly, the ALJ properly accounted for Plaintiff's mental impairments in his RFC assessment. The ALJ concluded that Mr. Shepard required work with limited interpersonal contact, infrequent interaction with the public, few variables, little judgment, and simple direct and concrete supervision. (Tr. 52.) So regardless of any particular diagnosis, the ALJ properly accounted for the impact of Plaintiff's mental impairments on his ability to perform work related activities.

I further find Plaintiff's throat problems were also properly addressed by the ALJ's finding of "severe" GERD. The medical evidence simply fails to support throat problems beyond what the ALJ considered in his opinion. And Mr. Shepard's irritable bowel syndrome – according to the medical records – was situational and generally amenable to treatment. While the ALJ did not specifically address Plaintiff's irritable bowel syndrome at step 2, in making his subjective symptom evaluation, the ALJ addressed his diarrhea and noted a normal colonoscopy, and improvement with medication. (Tr. 54, 559-560, 880.) I recognize Mr. Shepard was hospitalized after a month-long bout of diarrhea and vomiting. (Tr. 529.) Yet, lab tests revealed nothing to identify the cause. (Tr. 557, 604.) Plaintiff was discharged with conservative treatment, including medication and diet. (Tr. 559.) Additionally, as the Commissioner notes in his brief, one of Plaintiff's bouts of diarrhea was also likely as a result of taking antibiotics and was also improved through a change of diet. (Doc. No. 13 at 5-6.)

I am sympathetic to Mr. Shepard's claims. I am certain he experiences some degree of pain and limitation. But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the sedentary exertional level.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Counsel for both sides have done exemplary work on behalf of their respective clients. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 10th day of January 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE